Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CONSTANTIN ARAMA,

                Plaintiff,

   -against-

MICHAEL L. CETTA, INC., d/b/a SPARKS
STEAK HOUSE and MUSA HOXHAJ,

                Defendants.
------------------------------------------------------------------------X

06 Civ. 8721
ECF CASE

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

      Plaintiff Constantin Arama ("Plaintiff" or "Arama"), by his attorneys, Berke-Weiss & Pechman LLP, complaining of defendant Michael L. Cetta, Inc., d/b/a Sparks Steak House ("Defendant Sparks" or "Sparks") and defendant Musa Hoxhaj ("Defendant Hoxhaj" or "Hoxhaj") (collectively referred to herein as "defendants") alleges:

### NATURE OF THE ACTION

      1.     This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the New York State Labor Law § 190, *et seq*. ("Labor Law").

      2.     In response to the FLSA lawsuit filed by its employees, Sparks, under the leadership of Defendant Hoxhaj, its Manager, has engaged in a campaign of intimidation, threats, and coercion designed to restrain its employees from joining the FLSA collective action which is pending in this Court

and has retaliated against employees whom have exercised their rights to join this lawsuit.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the New York State Labor Law pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the location of Sparks is in the Southern District of New York.

## THE PARTIES

5. Arama resides at 61-17 Palmetto Street, Ridgewood, New York 11385. Arama was employed by Defendant Sparks from March 2, 2005 through October 9, 2006.

6. Defendant Sparks is a New York corporation, which owns and operates Sparks Steak House, a restaurant located at 210 East 46th Street, New York, New York 10017.

7. Defendant Hoxhaj is employed at Sparks as a Manager.

8. Arama was Defendant Sparks's employee within the meaning of the FLSA and the Labor Law, and has worked for Sparks as a waiter subject to the anti-retaliatory provisions of the FLSA and the Labor Law.

## FACTS

9. Arama was hired as a waiter at Sparks on March 2, 2005.

10. Since that time, Arama has performed his job duties in a capable manner and worked diligently on behalf of Sparks.

11. On June 14, 2006, the case of *Gerald Duchene, et al. v. Michael L. Cetta, Inc., d/b/a Sparks Steak House*, 06 Civ. 4576 (PAC), was filed in the United States District Court, Southern District of New York (the "FLSA Lawsuit") to recover unpaid minimum wage and unlawfully expropriated tips under the FLSA and the Labor Law.

12. The opt-in period for the FLSA Lawsuit is from August 28, 2006 to December 26, 2006.

13. On September 20, 2006, Arama signed a Consent to Sue form to join the collective action lawsuit as a member of its plaintiff class.

14. On September 26, 2006, the Consent to Sue forms of Arama, along with those of current employees Ian Collins, Leo Blokar, Diego Suarez, Carlos Zufriategui, Ahmed T. Ibrahim, Ibrahim T. Wakim, Carlos Ponce, Kevin Mason, Jerry Finnegan, Armindo Barata, Ioan Mircica, were filed in this Court.

15. In response to this wave of support for the FLSA Lawsuit from current employees, Sparks' management began a campaign of intimidation.

16. On or about September 28, 2006, Marcia Cetta, the wife of owner Michael Cetta, called Ibrahim Wakim, a 29-year veteran of Sparks. Mrs. Cetta made the following statements to Mr. Wakim:

   a. "Why did you do this to us,"
   b. "[We are] disappointed in you as a Catholic man, as a friend," and
   c. "You broke my heart."

17. Mrs. Cetta also told Mr. Wakim that he was going to lose his job.

18. On October 2, 2006, owner Michael Cetta gathered his employees at the restaurant for a special meeting.

19. Mr. Cetta discussed the lawsuit, making the following statements to the Sparks employees:

    a. "You shouldn't shit where you eat,"

    b. "I am not afraid,"

    c. "The lawyers are the ones who are going to get the most money in the lawsuit," and

    d. "I will be pissed if I lose this case."

20. Mr. Cetta trivialized the amount of money Sparks employees could receive, saying it would only be around $1200 (twelve hundred dollars). Moreover, he advised employees that there was no need to join the lawsuit because if he lost, he would pay everyone – regardless of whether they joined the lawsuit.

21. Mr. Cetta also made a false accusation during this meeting that employees who joined the FLSA Lawsuit were trying to sabotage Sparks.

22. On or about the beginning of October, Defendant Hoxhaj began a personal campaign of intimidation. Mr. Hoxhaj told employees that there were two groups of people – employees who signed the paper and the good guys – who would be treated differently.

23. Defendant Hoxhaj also approached several employees asking if they liked working at Sparks. Defendant Hoxhaj also threatened waiters who joined the FLSA Lawsuit that if any mistakes were made, they would be fired.

24. On October 4, 2006, Defendant Hoxhaj told Arama that was suspended for a one-week period for an alleged complaint from a customer. Defendant Hoxhaj refused to give Arama any specifics regarding the origin of the alleged complaint. Arama protested to Defendant Hoxhaj that he had never

4

had a customer complaint before. Defendant Hoxhaj asked Arama, "Are you happy at Sparks?" and "Do you think the house was fair with you?" Defendant Hoxhaj then told Arama to call him on Monday if he wanted to stay at the job.

25. On the following Monday, October 9, 2006, Arama called Defendant Hoxhaj, as previously instructed, and asked to return to work. Defendant Hoxhaj responded, "Sorry, I can't take you back," and terminated Arama's employment.

## FIRST CLAIM
### Fair Labor Standards Act - Retaliation

26. Arama repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. The anti-retaliation provisions of the FLSA prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

28. Defendant Hoxhaj is a "person" within the meaning of 29 U.S.C. §215(a)(3), subject to individual liability for retaliatory conduct.

29. Arama is an "employee" within the meaning of 29 U.S.C. § 206(a).

30. Arama and the other employees at Sparks engaged in "protected conduct" by joining the FLSA Lawsuit against Sparks.

31. Defendants have harassed and threatened employees and terminated Arama as a result of their participation in the FLSA Lawsuit.

## SECOND CLAIM
### New York Labor Law – Retaliation

32. Arama repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33. Defendants have willfully violated Labor Law § 215, which states, "no employer or his agent … shall discharge, penalize or in any other manner

discriminate against any employee because such employee has … caused to be instituted a proceeding."

34. Defendant Hoxhaj is an "employer" and "agent" within the meaning of the Labor Law.

35. Arama and the other employees at Sparks engaged in protected conduct by joining the FLSA Lawsuit against Sparks.

36. Defendants have harassed and threatened employees and terminated Arama as a result of their participation in the FLSA Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

    a. enjoining defendants from harassing, intimidating, threatening and terminating Sparks employees because they have exercised their rights under the FLSA and the Labor Law;

    b. declaring that defendants have violated anti-retaliation provisions of the FLSA, 29 U.S.C. § 206, as to plaintiff;

    c. awarding plaintiff reinstatement to his position at Sparks;

    d. awarding plaintiff backpay for lost wages;

    e. awarding plaintiff liquidated damages;

    f. awarding plaintiff prejudgment interest;

    g. awarding plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and Labor Law;

    h. directing defendants to pay plaintiff compensatory damages in the amount of one million dollars for mental anguish, emotional distress and humiliation;

      i.      directing defendants to pay plaintiff punitive damages in the amount of two million dollars for their intentional disregard of and reckless indifference to plaintiff's rights; and

      j.      providing such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated:   New York, New York
          October 12, 2006

                                BERKE-WEISS & PECHMAN LLP

                                By: _____
                                Louis Pechman (LP-6395)
                                488 Madison Avenue - 11th Floor
                                New York, New York 10022
                                (212) 583-9500
                                *Attorneys for Plaintiff*